UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

JOY CHACON,

Appellant,

v.

DEPARTMENT OF HEALTH AND
HUMAN SERVICES,

Agency.

DOCKET NUMBER
NY-1221-14-0372-W-1

DATE: January 4, 2017

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Joy Chacon</u>, Valley Stream, New York, pro se.

<u>Alisa W. Cupid</u>, New York, New York, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied her request for corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant is a Quality Assurance Manager for the Department of Health and Human Services, Food and Drug Administration. *E.g.*, Initial Appeal File (IAF), Tab 1. During the time period relevant to this appeal, her duties included working to ensure that the agency's Northeast Regional Laboratory was in compliance with its Quality Management System. *E.g.*, IAF, Tab 21 at 73-80, Tab 88, Hearing Compact Disc 1 (HCD1) (testimony of the appellant), Tab 89, Hearing Compact Disc 2 (HCD2) (testimony of the appellant). She also served as a liaison for bi-yearly audits by the American Association for Lab Accreditation. *E.g.*, HCD1 (testimony of the appellant). The appellant's chain of command included Deputy Lab Director, K.H.; Lab Director, M.P.; and Deputy Director for the Northeast Region, C.B. *E.g.*, IAF, Tab 93, Hearing Compact Disc 3 (HCD3) (testimony of K.H.), Tab 94, Hearing Compact Disc 4 (HCD4) (testimony of M.P.), Tab 95, Hearing Compact Disc 5 (HCD5) (testimony of C.B.).

¶3        In August 2014, the appellant filed the instant IRA appeal, alleging that the aforementioned members of her command chain engaged in improper whistleblower reprisal. IAF, Tab 1. The administrative judge found that the Board had jurisdiction over the appeal and held a hearing on the merits. IAF,

Tab 99, Initial Decision (ID) at 1.  She issued an initial decision, though, denying corrective action.  ID at 1, 41.

¶4        Of the 28 matters[2] the appellant characterized as disclosures, which are discussed below, the administrative judge found that (1)-(3), (7), (11), (14), (21), and (24) included protected disclosures within the Board's jurisdiction.[3]  ID at 13-17.  She also determined that the appellant met her burden of proving by preponderant evidence that the disclosures were a contributing factor in a December 2012 suspension, a July 2013 suspension, and an August 2014 suspension.[4]  ID at 29-31.  However, the administrative judge concluded that the agency met its burden of proving that it would have taken the actions in the absence of the disclosures.  ID at 31-41.  Therefore, she denied the appellant's request for corrective action.  ID at 41.  The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response.  PFR File, Tab 3.

---

[2] The initial decision listed these matters in full, numbering them from (1)-(28).  ID at 4-10.  For the sake of clarity, this decision generally will refer to the associated number alone, further describing the disclosure only if necessary.

[3] The administrative judge found that (6), (8), (9), (12), (15), (17)-(19), (25), and (27) were not disclosures, but were instead alleged retaliatory actions.  ID at 5-10.  She also found that (13), (20), (23), (26), and (28) were neither disclosures nor alleged retaliatory acts; they merely provided context such as the dates of the appellant's filings with the Office of Special Counsel (OSC).  ID at 6-10.  The administrative judge next dismissed (10) and (22) for lack of jurisdiction because the appellant did not first raise them with OSC, ID at 6, 9, and found that (4), (5), and (16) were not protected, ID at 7, 18-23.

[4] Although the appellant also presented allegations of harassment and a hostile work environment stemming from her disclosures, the administrative judge found that she failed to meet her burden of proving that the actions were sufficiently severe or pervasive to significantly change her working conditions.  ID at 23-29.  Therefore, she found that these allegations did not constitute a personnel action under 5 U.S.C. § 2302(a)(2)(A)(xii).  *Id.*

The administrative judge did not abuse her discretion in ruling on discovery matters.

¶5      On review, the appellant alleges that the administrative judge erred in denying her motions to compel discovery.  PFR File, Tab 1 at 10.  She also alleges that the administrative judge erred by permitting the agency to depose her over multiple days and not requiring the agency to provide her with a copy of her deposition transcript.  *Id*.  We disagree.

¶6      In her first motion to compel, the appellant asserted that the agency's responses to discovery requests had been inadequate.  IAF, Tab 36 at 4.  After a status conference, the administrative judge denied the motion, noting that the parties had agreed to confer on any outstanding discovery matters.  IAF, Tab 37 at 1.  The appellant later filed a second motion to compel, wherein she provided a list of admissions, discovery requests, and interrogatory requests that she characterized as still unfulfilled.  IAF, Tab 41 at 6-10.

¶7      Although the administrative judge found that the agency's response to one interrogatory was insufficient, she otherwise denied the appellant's second motion to compel.  IAF, Tab 45.  Concerning the requests for admissions, she found that the appellant simply disagreed with the agency's responses, which were adequate.  *Id*. at 2.  Concerning the remaining interrogatories and document requests, she found that the agency made good faith efforts by providing, inter alia, 1,500 pages of responsive documents.  *Id*. at 2-4.  She also found that the appellant had neither shown why the agency's responses were insufficient nor specified why additional information was relevant or appeared reasonably calculated to lead to the discovery of admissible evidence.  *Id*.

¶8      An administrative judge has broad discretion in ruling on discovery matters and, absent a showing of abuse of discretion, the Board will not reverse an administrative judge's discovery rulings.  *Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table).  Here, although the appellant generally asserts that the administrative

judge erred in denying her motions to compel, we discern no basis for concluding that the rulings were an abuse of discretion. The appellant has failed to explain, either below or on review, why the agency's extensive responses were deficient. She also has failed to show why additional information was relevant or reasonably calculated to lead to the discovery of admissible evidence. *Compare* PFR File, Tab 1 at 10, *with* IAF, Tab 36 at 23-40; *see* 5 C.F.R. § 1201.72(a) (explaining that discovery is the process for obtaining relevant information, which includes "information that appears reasonably calculated to lead to the discovery of admissible evidence").

¶9      The appellant's allegations concerning her deposition are similarly unavailing. She argues that the administrative judge erred in permitting the agency to depose her over multiple days, which the appellant characterized as oppressive. PFR File, Tab 1 at 10. However, the instant appeal involved numerous allegations of disclosures and retaliatory acts, implicating several management officials, over a number of years. *See, e.g.*, IAF, Tabs 1, 25-29. Given the complexity of the case, we find that the administrative judge exercised proper discretion in granting the agency a second day to complete its deposition. IAF, Tab 43, 49, 51. To the extent that the appellant is alleging that she was improperly denied a copy of the transcript for her deposition, she has failed to present any basis for us to conclude that she was entitled to one. PFR File, Tab 1 at 10-11. Moreover, the transcript was made available in the record below. IAF, Tab 58, Tab 62 at 233-321.

The administrative judge did not abuse her discretion in imposing sanctions.

¶10      The appellant next alleges that the administrative judge abused her discretion by imposing sanctions on the appellant after she failed to timely submit prehearing submissions and did not appear for the prehearing conference on its original or rescheduled dates. PFR File, Tab 1 at 11-13. We disagree.

¶11    An administrative judge may impose sanctions as necessary to serve the ends of justice. 5 C.F.R. § 1201.43. That authority includes the right to sanction a party for failure to comply with an order. *Id*.

¶12    While her appeal was pending below, the appellant failed to appear for scheduled prehearing conferences on May 18, May 26, June 26, and July 7, 2015. *See, e.g*., IAF, Tabs 57, 63, 72. She also failed to submit her prehearing exhibits by the deadline set for doing so. *Compare* IAF, Tab 57, *with* IAF, Tabs 64-70, 74-78. Lastly, she failed to respond to the administrative judge's show cause order, which sought an explanation for the appellant's prior failures and warned of possible sanctions. IAF, Tab 63.

¶13    On review, the appellant suggests that the administrative judge rescheduled deadlines and prehearing conferences without her knowledge or consent. PFR File, Tab 1 at 11. However, an administrative judge does not need a party's prior consent to set a deadline or schedule a prehearing conference. *See, e.g*., *Gavette v. Department of the Treasury*, 44 M.S.P.R. 166, 174 (1990) (declining to find that the deadlines set by the administrative judge prejudiced an agency and observing that the agency did not object to the deadlines below); 5 C.F.R. § 1201.41(b)(12) (listing an administrative judge's authority as including the authority to hold prehearing conferences). As a registered e-filer, the appellant is deemed to have received the orders in which the administrative judge notified the parties about the deadlines for submissions and scheduling of prehearing conferences. IAF, Tab 1 at 1, Tabs 55, 57; *see* 5 C.F.R. § 1201.14(m)(2).

¶14    The appellant also suggests that the administrative judge sanctioned her, in part, for her having withdrawn from a voluntary settlement conference. PFR File, Tab 1 at 11-12. However, there is nothing in the record to support this claim. The record shows that the administrative judge sanctioned the appellant for her repeated failure to comply with orders, as detailed above. The administrative judge allowed the appellant to testify, but sanctioned her by prohibiting her from introducing additional witnesses or exhibits at the hearing. IAF, Tabs 72, 82.

Under these circumstances, given the appellant's repeated failure to follow orders, even in the face of warnings that sanctions could result, we find the sanctions appropriate.[5]  *See, e.g.*, *Heckman v. Department of the Interior*, 106 M.S.P.R. 210, ¶¶ 8-9 (2007) (recognizing that it was appropriate to cancel an appellant's hearing after she failed to comply with three separate orders, despite warnings of possible sanctions).

The appellant has failed to establish any basis for granting her request for corrective action.

¶15      To prevail on the merits of her whistleblower reprisal claim, an appellant has the burden of proving by preponderant evidence that (1) she made a protected disclosure, and (2) her protected disclosure was a contributing factor in the challenged personnel action.  *Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 10 (2014).  A protected disclosure is one that the employee reasonably believes evidences one or more of the categories of wrongdoing listed in 5 U.S.C. § 2302(b)(8), even if her belief is mistaken.  *Mithen v. Department of Veterans Affairs*, 122 M.S.P.R. 489, ¶ 24 (2015), *aff'd*, 652 F. App'x 971 (Fed. Cir. 2016).  The test for determining whether an employee's belief regarding the disclosed matter is reasonable is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the agency evidence the wrongdoing disclosed.  *Mithen*, 122 M.S.P.R. 489, ¶ 24.

¶16      If an appellant establishes her prima facie case, then the burden shifts to the agency to prove by clear and convincing evidence that it would have taken the same action in the absence of the disclosure.  5 U.S.C. § 1221(e)(2); *Aquino*, 121 M.S.P.R. 35, ¶ 10.

---

[5] To the extent that the appellant suggests that the administrative judge excluded her untimely prehearing submissions as part of the sanctions, the record reflects otherwise. *Compare* PFR File, Tab 1 at 11-12, *with, e.g.*, ID at 13, 15 (citing IAF, Tabs 67, 74).

*The appellant has not shown that the administrative judge erred in addressing disclosures (4), (5), (11), or (21).*

¶17　　The appellant disagrees with the administrative judge's conclusion that she failed to prove that disclosures (4), (5), (11), and (21) were protected disclosures. PFR File, Tab 1 at 17-19. We discern no basis for disturbing the administrative judge's findings.

¶18　　In disclosure (4), the appellant reportedly notified C.B. that M.P. was obstructing lab reaccreditation requirements by failing to appoint a Quality System Deputy. ID at 5; IAF, Tab 30 at 14. In disclosures (11) and (21), she reportedly informed C.B. and others that M.P. and K.H. were continually obstructing reaccreditation activities. ID at 6, 8-9; IAF, Tab 30 at 18, 26-27. According to the appellant, these disclosures evidenced a violation of law, rule, or regulation, gross mismanagement, and an abuse of authority.

¶19　　The administrative judge concluded that disclosure (4) was not protected. ID at 18-19. She similarly concluded that disclosure (11) and (21) were not protected to the extent that they implicated the same issue as disclosure (4).[6] *Id.* The administrative judge found that the appellant could not have had a reasonable belief that she was disclosing wrongdoing listed in 5 U.S.C. § 2302(b)(8) because, during the 3-year period at issue, there were only 5 months during which there was no Quality System Deputy. *Id.* (referencing IAF, Tab 60 at 150-56; HCD3 (testimony of K.H.); HCD4 (testimony of M.P.)).

¶20　　On review, the appellant reasserts that there was not a Quality System Deputy appointed at all times relevant to her complaints. PFR File, Tab 1 at 17. However, she has failed to identify any evidence to support her claim. Accordingly, we agree with the administrative judge. The appellant failed to meet her burden of proving that she had a reasonable belief that her disclosures

---

[6] To the extent that disclosures (11) and (21) alleged reaccreditation obstruction other than that described in disclosure (4), the administrative judge found that they were protected. ID at 13-17.

concerning the appointment of a Quality System Manager evidence wrongdoing listed in 5 U.S.C. § 2302(b)(8).

¶21    In disclosure (5), the appellant reportedly notified C.B. and others that A.C., K.H., and M.P. obstructed reaccreditation requirements by verbally accosting and intimidating an internal audit team, shutting down the audit, and taking no corrective follow-up management action.  ID at 5; IAF, Tab 30 at 14-15.  According to the appellant, these disclosures evidenced a violation of law, rule, or regulation, gross mismanagement, and an abuse of authority.  ID at 20.

¶22    As to this disclosure, the administrative judge found that the appellant could not have had a reasonable belief that she was disclosing wrongdoing listed in 5 U.S.C. § 2302(b)(8) because, among other things, there was unrefuted testimony that the audit was stopped merely for a few days to provide a cooling down period after questioning between the auditors and those being audited became contentious.  ID at 20-23; HCD2 (testimony of the appellant); HCD3 (testimony of K.H.); HCD4 (testimony of M.P.).  The administrative judge also found, contrary to the appellant's allegations, that the record revealed that the agency did take corrective action stemming from the temporary work stoppage and the appellant was aware of that corrective action.  ID at 21-22 (referencing HCD3 (testimony of K.H.); HCD4 (testimony of M.P.); IAF, Tab 8 at 72-85).

¶23    On review, the appellant alleges that the administrative judge's consideration of disclosure (5) "contains a number of statements that are not facts, [and] omits mention of facts the appellant repeatedly informed [her] of during the hearing."  PFR File, Tab 1 at 17-19.  However, the appellant has not clearly articulated any error that was prejudicial or otherwise demonstrated, through specific references to the record, that disclosure (5) was protected.  *See, e.g.*, *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (explaining that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a

complete review of the record); *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision); *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133-34 (1980) (recognizing that mere disagreement with the administrative judge's findings of fact and conclusions of law does not warrant full review by the Board).  Therefore, we find that her bare allegations do not state a basis for granting review.

*The appellant's complaint to an equal employment opportunity representative is not a protected disclosure.*

¶24　　In disclosure (16), the appellant reportedly notified an equal employment opportunity (EEO) representative of M.P.'s and K.H.'s allegedly obstructing reaccreditation.  ID at 7; IAF, Tab 30 at 23.  The administrative judge concluded that this disclosure was not protected in the context of this appeal.  ID at 7 n.11 (citing *Applewhite v. Equal Employment Opportunity Commission*, 94 M.S.P.R. 300, ¶ 13 (2003)).  On review, the appellant summarily asserts that this was an erroneous interpretation of the law.  PFR File, Tab 1 at 22.  We disagree.

¶25　　Reprisal for exercising an EEO right is a prohibited personnel practice under 5 U.S.C. § 2302(b)(9), not 5 U.S.C. § 2302(b)(8).  *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 6 (2013).  The Whistleblower Protection Enhancement Act of 2012 extended the Board's jurisdiction over IRA appeals to claims of reprisal for filing complaints seeking to remedy whistleblower reprisal under 5 U.S.C. § 2302(b)(8), but not to other types of complaints, filed by the appellant on his or her own behalf, that do not concern remedying a violation of subparagraph (b)(8).  *Mudd*, 120 M.S.P.R. 365, ¶¶ 6-7.  Here, in disclosure (16), the appellant complained that her management chain was obstructing reaccreditation.  *E.g.*, IAF, Tab 30 at 23.  Her complaint did not seek to remedy whistleblower reprisal.  Therefore, although that EEO activity might be protected activity under 5 U.S.C. § 2302(b)(9)(A)(ii), it is not a protected disclosure within

the Board's jurisdiction in the context of this IRA appeal. *See* 5 U.S.C. § 1221(a); *Mudd*, 120 M.S.P.R. 365, ¶¶ 6-7.

*The administrative judge properly found that the alleged harassment was not a "personnel action" under 5 U.S.C. § 2302(a)(2)(A).*

¶26     The appellant asserts that the administrative judge erred in concluding that her claims of harassment did not rise to the level of a significant change in working conditions within the scope of 5 U.S.C. § 2302(a)(2)(A)(xii). PFR File, Tab 1 at 19‑22. We disagree.

¶27     In support of her harassment claim, the appellant alleged that she was threatened with a demotion,[7] ordered to have her emails authorized by supervisors before sending them, ordered to return her BlackBerry, forced to close complaints prematurely, directed to host an audit by the Canadian Regulatory Agency, given onerous work assignments, and subjected to intimidating actions and false statements. ID at 23-24; IAF, Tabs 1, 30. The administrative judge properly noted that 5 U.S.C. § 2302(a)(2)(A)(xii) defines "personnel action" as including "any other significant change in duties, responsibilities, or working conditions." ID at 24. She also recognized that the aforementioned term should be interpreted broadly, to include harassment or discrimination that could have a chilling effect on whistleblowing. *Id.*; *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 23 (2015).

¶28     The administrative judge concluded that the appellant had failed to establish conditions that were objectively severe or pervasive enough to constitute a significant change in working conditions. ID at 28-29. She addressed each of the aforementioned allegations, finding some unsubstantiated and others more appropriately categorized as the appellant's disagreements with her supervisor's

---

[7] Given the true nature of this allegation, as further discussed below, we find that it was proper for the administrative judge to address the matter as part of the appellant's harassment claim under 5 U.S.C. § 2302(a)(2)(A)(xii), rather than as a distinct personnel action under 5 U.S.C. § 2302(a)(2)(A)(iii), (iv), or (ix).

legitimate decisions. ID at 24-28. For example, the administrative judge recognized that, although the appellant claimed at the hearing that she was threatened with demotion, she later admitted that she merely had discussions with M.P. about the possibility of creating a new position that would have overlapping duties with the appellant's. ID at 24; HCD1 (testimony of the appellant). During her cross-examination, the appellant acknowledged that agency officials made no mention of reassignment, decrease in pay, or demotion.[8] ID at 24-25; HCD2 (testimony of the appellant). Management officials testified that they considered creating the position to help the appellant with her workload, but she objected because she would not have supervisory authority over the position. ID at 24-25; HCD3 (testimony of K.H.); HCD4 (testimony of M.P.). The administrative judge also found that while the appellant alleged that M.P. harassed and coerced her to close complaints prematurely, her testimony suggested the parties merely disagreed, and the appellant presented no evidence that management engaged in any impropriety. ID at 28. In addition, the administrative judge found that management had a legitimate basis for vetting any group email the appellant wanted to send; the appellant repeatedly had used email inappropriately and that misuse was the basis for one of her suspensions. ID at 26; *see, e.g.*, IAF, Tab 9 at 37-43, Tab 59 at 70-78. The administrative judge further found that management took away the appellant's BlackBerry, and the BlackBerrys of several other employees, to comply with a Presidential mandate. ID at 26; *see, e.g.*, IAF, Tab 61 at 19-22.

¶29     On review, the appellant asserts that there were additional actions reflected in her submissions below that the administrative judge failed to consider as possible harassment. PFR File, Tab 1 at 19-20 (referencing IAF, Tab 96 at 9-10). Yet, she has failed to specifically identify what these additional actions were, and

---

[8] In her petition for review, the appellant again has summarily characterized the matter as a threat of demotion. PFR File, Tab 1 at 20. However, she has failed to identify any evidence that indicates that she was threatened with a loss of pay or grade. *Id.*

we are unable to discern any substantive omission in the initial decision. *Compare* IAF, Tab 96 at 9-10, *with* ID at 23-24; *see generally Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984) (recognizing that an administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

¶30    The appellant also asserts that it was improper for the administrative judge to reference her prior Equal Employment Opportunity Commission (EEOC) case in the initial decision, PFR File, Tab 1 at 19-20, but we disagree. The administrative judge properly cited the EEOC decision, which was included in the record below, along with other evidence, to address the appellant's claims. ID at 26-27; *see* IAF, Tab 62 at 198-232.

¶31    The appellant's remaining arguments concerning the alleged harassment are similarly unavailing. Although the appellant disagrees with the administrative judge's findings, she has failed to articulate any basis for concluding that she was subjected to harassment that rose to the level of a personnel action within the scope of 5 U.S.C. § 2302(a)(2)(A)(xii). *See, e.g.*, *Tines*, 56 M.S.P.R. at 92.

The administrative judge correctly determined that the agency established that it would have taken the personnel actions absent the appellant's protected disclosures.

¶32    We reject the appellant's implicit challenge to the administrative judge's determination that the agency established by clear and convincing evidence that it would have taken the personnel actions at issue in the absence of her protected disclosures. ID at 31-41. When, as here, an appellant shows by preponderant evidence that she made a protected disclosure and that the disclosure was a contributing factor in the decision to take a personnel action against her, the Board will order corrective action unless the agency shows by clear and convincing evidence that it would have taken the personnel action in the absence of the whistleblowing. *See* 5 U.S.C. § 1221(e)(2); *Chavez v. Department of*

*Veterans Affairs*, [120 M.S.P.R. 285](), ¶ 28 (2013).  In determining whether an agency has shown by clear and convincing evidence that it would have taken the same personnel action in the absence of whistleblowing, the Board generally will consider the following factors:  (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated.  *See Carr v. Social Security Administration*, [185 F.3d 1318](), 1323 (Fed. Cir. 1999).  The U.S. Court of Appeals for the Federal Circuit has held that "[e]vidence only clearly and convincingly supports a conclusion when it does so in the aggregate considering all the pertinent evidence in the record, and despite the evidence that fairly detracts from that conclusion."  *Whitmore v. Department of Labor*, [680 F.3d 1353](), 1368 (Fed. Cir. 2012).  The Board does not view the *Carr* factors as discrete elements, each of which the agency must prove by clear and convincing evidence, but will weigh the factors together to determine whether the evidence is clear and convincing as a whole.  *See Mithen*, [122 M.S.P.R. 489](), ¶ 36.

¶33   Regarding the first *Carr* factor, we agree with the administrative judge's determination that the agency had strong reasons for taking the actions.  ID at 41. In reaching this conclusion, she determined that the testimony of the officials supporting their reasons for issuing the suspensions to the appellant was straightforward, unequivocal, consistent, supported by the evidence in the record, and, based on these witnesses' demeanor, she found their testimony to be credible.  ID at 41.  On the other hand, the administrative judge found lacking in merit and belied by the record evidence the appellant's claims that she was disciplined too harshly for her repeated insubordination or that she was justified in her refusal to follow instructions.  ID at 32-40.  The Board must defer to an administrative judge's credibility determinations when, as here, they are based, explicitly or implicitly, on the observation of the demeanor of witnesses

testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). We find no sufficiently sound reasons for disturbing the administrative judge's credibility determinations here.

¶34 Regarding the second *Carr* factor, the administrative judge recognized that the appellant's disclosures implicated the proposing official of the discipline at issue. We agree with the administrative judge, however, that the strong evidence in support of the agency's actions outweighed any possible motive to retaliate on the part of the agency officials who were involved in the issuance of the suspensions. ID at 41. As to the third *Carr* factor, we find that the record as a whole fails to demonstrate that the agency imposed lesser forms of discipline for similar offenses that did not involve whistleblowers. *Aquino*, 121 M.S.P.R. 35, ¶ 30. Weighing all three of the *Carr* factors, we agree that the agency established by clear and convincing evidence that it would have issued the three suspensions at issue even in the absence of the appellant's protected disclosures.

The appellant's remaining arguments provide no other basis for disturbing the initial decision.

¶35 The appellant has presented a number of additional assertions that do not warrant a full review of the record in the absence of further explanation. For example, she asserts that the administrative judge "significantly curtailed" her cross-examination of agency witnesses. PFR File, Tab 1 at 12-13 (referencing the third, fourth, and fifth hearing days, generally); *see Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 8 (2000) (explaining that an administrative judge has wide discretion to control the proceedings, including the authority to exclude testimony she believes would be irrelevant or immaterial). She also asserts in summary fashion that "the administrative judge did not give consideration to numerous protected disclosures." PFR File, Tab 1 at 16 (referencing matters (6), (8), (9), (12)-(20), (23), and (25)-(28)). We disagree. *Supra* ¶ 4 n.3. Without

additional argument or explanation, we cannot address these vague claims.  *See, e.g.*, *Tines*, 56 M.S.P.R. at 92.

¶36   The appellant also alleges that the background portion of the initial decision contains a number of factual errors.  PFR File, Tab 1 at 14-15.  For example, she alleges that the initial decision misstates the dates of management officials' entrance into their management roles and the organizational responsibilities of some agency components.  *Id*.  Even if true, the appellant has failed to show how these purported errors were prejudicial.  *See Panter*, 22 M.S.P.R. at 282.

¶37   Finally, the appellant has repeatedly suggested that the administrative judge exhibited bias, arguing that the initial decision was "deliberately misrepresentative."  PFR File, Tab 1 at 17, 19, 22; IAF, Tab 82.  We find no merit to these assertions.  *See Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980) (recognizing that a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators in making a claim of bias or prejudice against an administrative judge).

¶38   Accordingly, we affirm the initial decision denying the appellant's request for corrective action.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8),

(b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:
http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                  _____
                                              Jennifer Everling
                                              Acting Clerk of the Board

Washington, D.C.